UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

DOROTHY MAKONI,
    Plaintiff,

v.                                                                      C.A. No. 4:18-CV-040112

ATHENA HEALTH CARE ASSOCIATES, INC.,
ATHENA HEALTH CARE SYSTEMS MA, LLC,
ATHENA HEALTH CARE SYSTEMS MA R LLC,
SOUTHBRIDGE MA SNF LLC and
LAWRENCE G. SANTILLI,
    Defendants.

**COMPLAINT AND JURY DEMAND**

Plaintiff, by and through her undersigned counsel, alleges as follows:

**Nature of the Action**

1. This is an action for monetary damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the Massachusetts Weekly Wage Law, G.L. c. 149, §§ 148 and 150 (the "Wage Act") due to the Defendants' failure(s) to pay Plaintiff all overtime wages due and payable to Plaintiff.

**Jurisdiction and Venue**

2. This Court has jurisdiction to hear the claims in this case pursuant to 28 U.S.C. §§ 1331, 1367(a) and 29 U.S.C. §§ 207 and 216(b). At all times relevant hereto, the Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) - (s) because the Defendants operate hospital(s) or institution(s) primarily engaged in the care of the sick, the

aged, the mentally ill or defective who reside on the premises of such institution(s) and annual gross volume of sales made or business done by the Defendants' hospital(s) or institution(s) is not less than $500,000.

3. Defendants have their principal place of business in this district and are therefore subject to personal jurisdiction here.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because the Defendants reside in this district and are subject to personal jurisdiction in this district.

**Parties**

5. Plaintiff Dorothy Makoni ("Makoni") is a natural person residing at 128 Richards Avenue, Paxton, Worcester County, Massachusetts, and at all times relevant hereto was an employee of the Defendants until her employment ended on or about November 28, 2016.

6. Defendant Athena Health Care Associates, Inc. ("AHCAI") is, according to public records on file with the Secretary of State of the Commonwealth of Massachusetts, a Connecticut corporation with its principal place of business located at 135 South Road, Farmington, Hartford County, Connecticut.

7. Defendant Athena Health Care Systems MA, LLC ("AHCSMA") is, according to public records on file with the Secretary of State of the Commonwealth of Massachusetts, a Massachusetts Limited Liability Company with its principal place of business located at 144 Turnpike Road, Suite 220, Southborough, Worcester County, Massachusetts.

8. Defendant Athena Health Care Systems MA R LLC ("AHCSMAR") is, according to public records on file with the Secretary of State of the Commonwealth of Massachusetts, a

Massachusetts Limited Liability Company with its principal place of business located at 144 Turnpike Road, Suite 220, Southborough, Worcester County, Massachusetts.

9. Defendant Southbridge MA SNF LLC ("SNF") is, according to public records on file with the Secretary of State of the Commonwealth of Massachusetts, a Massachusetts Limited Liability Company with its principal place of business located at 144 Turnpike Road, Suite 220, Southborough, Worcester County, Massachusetts.

10. On information and belief, Defendant Lawrence G. Santilli ("Santilli") is a natural person residing in Connecticut. According to corporate records on file with the Secretary of State of the Commonwealth of Massachusetts, Santilli is the President of AHCAI and the Manager of AHCSMA, AHCSMAR, and SNF (AHCAI, AHCSMA, AHCSMAR, and SNF collectively referred to herein as "Athena"). On information and belief, an agent authorized by appointment or by statute to receive service of process on behalf of Santilli may be found at 35 South Road, Farmington, Hartford County, Connecticut.

**Facts Common to All Counts**

11. Athena operates skilled nursing facilities throughout Connecticut, Massachusetts, and Rhode Island.

12. Makoni worked for Athena as a nurse in Athena's Southbridge skilled nursing facility commonly known as "Southbridge Rehabilitation & Health Care Center" from in or around November 2014 until on or about November 26, 2016.

13. At all times relevant hereto, Makoni's regular rate of pay was $32.90 per hour.

14. At all times relevant hereto, Makoni was paid an hourly rate and not on a salary basis.

15. At all times relevant hereto, Makoni's wages were paid by Defendant SNF.

16. At all times relevant hereto, AHCAI, AHCSMA, AHCSMAR, and SNF constituted a single enterprise within the meaning of 29 C.F.R. § 779.202 because they perform related activities through unified operations or common control for a common business purpose. In particular, AHCAI, AHCSMA, AHCSMAR, and SNF are all entities controlled by Defendant Santilli and are operated as part of the health care organization commonly known as "Athena Health Care Systems" for the purpose of operating skilled nursing facilities.

17. At all times relevant hereto, AHCAI, AHCSMA, AHCSMAR, SNF, and Santilli each acted as Makoni's employer within the meaning of 29 U.S.C. § 203(d) because they either employed Makoni or acted directly or indirectly in the interest of an entity which employed Makoni.

18. Throughout her employment, Makoni regularly worked in excess of forty (40) hours in individual workweeks.

19. Beginning on or about July 3, 2016 and continuing through the end of her employment, Athena began to pay Makoni only 'straight time' for all hours worked each workweek and failed or refused to pay Makoni an overtime premium for any hours worked in excess of forty (40) in individual workweeks.

20. Each workweek, Athena would split Makoni's hours between two paychecks. Both paychecks would be issued by Defendant SNF. True and accurate copies of Makoni's paystubs from the period July 3, 2016 - November 26, 2016 are attached hereto as **Exhibit A**.

21. Makoni's paystubs from this period reflect that Makoni worked the following regular and overtime hours:

| Workweek (2016) | Reg. Hours: Check 1 | Reg. Hours: Check 2 | Total Hours | OT Hours |
|---|---|---|---|---|
| 7/3-7/9 | 31.75 | 16.25 | 48 | 8 |
| 7/10-7/16 | 39.5 | 31.75 | 71.25 | 31.25 |
| 7/17-7/23 | 39.5 | 29.5 | 69 | 29 |
| 9/4-9/10 | 32 | 40 | 72 | 32 |
| 9/1-9/17 | 40 | 39 | 79 | 39 |
| 9/18-9/24 | 40 | 38.5 | 78.5 | 38.5 |
| 9/25-10/1 | 39.5 | 14.75 | 54.25 | 14.25 |
| 10/2-10/8 | 39.75 | 46.75 | 86.5 | 46.5 |
| 10/9-10/15 | 40 | 33 | 73 | 33 |
| 10/16-10/22 | 34.75 | 34.25 | 69 | 29 |
| 10/23-10/29 | 39.75 | 24.75 | 64.5 | 24.5 |
| 10/30-11/5 | 40 | 40.25 | 80.25 | 40.25 |
| 11/6-11/12 | 31 | 51 | 82 | 42 |
| 11/13-11/19 | 40 | 25.75 | 65.75 | 25.75 |

22. As reflected on her paystubs, during this period Makoni worked a total of 433 overtime hours but received no overtime premium for same.

23. As a matter of law, Makoni was entitled to be paid an overtime premium for all overtime hours worked by Makoni for the Defendants.

24. Nevertheless, the Defendants unlawfully failed to pay Makoni an overtime premium for all overtime hours worked by Makoni for the Defendants.

25. At all times relevant hereto, Makoni was an individual employee engaged in commerce or the production of goods for commerce within the meaning Section 7 of the FLSA, 29 U.S.C. § 207.

26. With respect to her claims under Massachusetts law, Plaintiff has filed a Non-Payment of Wages Complaint with the Office of the Attorney General and has received a Private Right

of Action letter.

## **CAUSES OF ACTION**

COUNT I
29 U.S.C. § 216(b)
VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff hereby incorporates the above allegations with the same force and effect as if fully set forth herein.

28. As more particularly set forth above, the Defendants failed to compensate Plaintiff at a rate of not less than one and one-half times her regular rate of pay for all hours worked in excess of forty (40) in individual workweeks.

29. During the course of Plaintiff's employment, the Defendants directed Plaintiff to work in excess of forty (40) hours in individual workweeks and Plaintiff did customarily work in excess of forty (40) hours in individual workweeks.

30. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

31. Defendants did not compensate Plaintiff at one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

32. Defendants' violations of the Fair Labor Standards Act were repeated, willful and intentional.

33. As a result of the Defendants' violations of the Fair Labor Standards Act, Plaintiff has suffered damages.

## COUNT II
### G.L. c. 149, §§ 148 – 150
### VIOLATION OF THE MASSACHUSETTS WAGE ACT

34. Plaintiff hereby incorporates the above allegations with the same force and effect as if fully set forth herein.

35. As more particularly set forth above, the Defendants failed to timely pay Plaintiff all wages that are due and payable to her.

36. The Defendants' failures to pay overtime wages as required by 29 U.S.C. § 207 caused the Plaintiffs to be deprived of the full amount of their earned wages when same became due and payable.

37. As the employers of Plaintiff, the Defendants were legally obligated to timely pay Plaintiff all due and payable wages as a matter of law.

38. The Defendants' failures to timely pay Plaintiff her due wages were knowing and willful.

39. As a result of the Defendants' violations of the Wage Act, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

   I.   Judgment in favor of Plaintiff against the Defendants jointly and severally on all claims asserted herein;

   II.  Restitution for all unpaid wages owed to Plaintiff by Defendants;

   III. Liquidated damages under the FLSA;

   IV.  Statutory trebling of all of Plaintiff's damages attributable to the Defendants' violations of the MFWL and the Wage Act;

   V.   Costs and disbursements of suit;

VI.  All reasonable attorney's fees incurred in bringing suit;

VII. Pre-judgment and post-judgment interest;

VIII. Such other or further relief as this Honorable Court may deem just and appropriate under the circumstances.

## JURY DEMAND

**The Plaintiff hereby demands a trial by jury on all issues so triable.**

Dated: July 2, 2018

Respectfully submitted,
The Plaintiff,
Dorothy Makoni,
By her attorney,

/s/ Alan D. Meyerson
Alan D. Meyerson (BBO #682515)
100 State Street, Suite 900
Boston, MA 02109
Telephone: (617) 444-9525
Facsimile: (617) 934-7715
E-mail: alan@alandavidmeyerson.com